**IN THE COURT OF APPEALS OF IOWA**

No. 21-0512
Filed August 4, 2021

**IN THE INTEREST OF J.K. and N.F.,**
**Minor Children,**

**K.K., Mother,**
    Appellant.
_____


        Appeal from the Iowa District Court for Sioux County, Daniel P. Vakulskas,

District Associate Judge.


        A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**


        Tisha M. Halverson of Klay, Veldhuizen, Bindner, DeJong & Halverson,

P.L.C., Paullina, for appellant mother.

        Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant

Attorney General, for appellee State.

        Kevin Huyser of Rensink, Vogel & Huyser, Orange City, attorney and

guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find clear and convincing evidence supports the statutory grounds for termination of the mother's parental rights, termination is in the children's best interests, and none of the exceptions to termination should be applied. We also find the mother did not timely request additional services and an extension of time is not warranted under the facts of this case. We affirm the decision terminating the mother's parental rights.

## I.        Background Facts & Proceedings

K.K. is the mother of N.F., born in 2014, and J.K., born in 2017.[1] The Iowa Department of Human Services (DHS) became involved with the family due to reports the mother was using methamphetamine while caring for the children. The mother tested positive for methamphetamine twice in March 2019. She voluntarily placed the children with maternal relatives.

On November 18, 2019, the children were adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(b), (c)(2), and (n) (2019). The adjudication order formally removed the children from the mother's care. The mother attended a series of substance-abuse treatment programs. She admitted that she relapsed into drug use in March 2020. In May, she was hospitalized for an anxiety attack.

The mother was arrested in June 2020 for unauthorized use of credit cards, along with her paramour, B.W.E. She pled guilty to credit card fraud. A South

---

[1] The father of N.F. is A.F. The father of J.K. is unknown. The fathers' rights were terminated, and they have not appealed.

Dakota court found the mother violated her probation there, and she was sentenced to prison. She remained there until October 2020, when she was placed on parole. The mother did not see the children in person for a year and had only limited contact with them while she was attending substance-abuse treatment programs or was incarcerated.

On November 17, the State filed a petition seeking termination of the mother's parental rights. The termination hearing was held on March 24, 2021. The mother testified she had given birth in January and this child remained in her care. She stated that she was employed and was moving to a new home. She testified that she wanted to be a parent to the children but it would not be ideal for them to go home with her that day. She stated she was no longer in a relationship with B.W.E., but she maintained contact with him while he was incarcerated on federal charges.

The juvenile court terminated the mother's parental rights under section 232.116(1)(d), (e), (i), and (*l*) (2020) (both children); (f) for N.F.; and (h) for J.K. The court concluded termination of the mother's parental rights was in the children's best interests. The court also concluded none of the exceptions found in section 232.116(3) should be applied in this case. The court found the State had engaged in reasonable efforts to reunite the mother with the children. Finally, the court denied the mother's request for a six-month extension to work on reunification. The mother appeals the decision of the juvenile court.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear

and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.    Sufficiency of the Evidence

The mother contends there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We will address the termination of the mother's parental rights under section 232.116(1)(f)[2] for N.F. and (h)[3] for J.K.

---

[2] Section 232.116(1)(f) provides for termination of parental rights based on findings:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[3] Section 232.116(1)(h) authorizes termination when the court finds:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

The mother disputes only the last factor in each subsection—the finding that the children cannot be returned to her care at the present time. We consider whether the child could be safely returned to the parent's care at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother testified:

> And I do feel like that I am at a place in my life, not—not to say that today it would be ideal for them to come home to me today, but I do feel as though I am at a place in my life where I can be a parent to [N.F.] and [J.K.] and [new infant].

The mother's testimony shows she was not ready to have the children placed in her care at the time of the hearing. *See id.* The mother had not seen the children in person for a year. The mother had only limited contact with the children during that time period.

At the time of the termination hearing, the mother was still addressing her substance-abuse, mental-health, and criminal problems and was not in a position to safely care for the children. Furthermore, there were questions about her relationship with B.W.E. The mother blamed him for the charge of unauthorized use of credit cards, stating he was the one who falsely used a credit card. The mother also testified that he was a drug dealer. Despite these problems, she stayed in contact with him while he was held on federal charges.[4] We determine

---

> or for the last six consecutive months and any trial period at home has been less than thirty days.
>      (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[4] The mother testified B.W.E. could be the father of her youngest child.

the juvenile court properly found the elements of section 232.116(1)(f) and (h) had been met.

## IV.     Best Interests

The mother claims termination of her parental rights is not in the children's best interests. She asserts she has addressed the concerns that led to the CINA adjudication. In considering children's best interests, we give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

As noted, the mother was still addressing her substance-abuse, mental-health, and criminal problems. The mother had not seen the children since early 2020. She demonstrated little compliance with services until after she was released from prison in October 2020. The mother's choices and lack of engagement with services show she did not make the children a priority in her life. The juvenile court found the children were in a safe and stable home with maternal relatives who are interested in adopting the children. We conclude it is in the children's best interests to terminate the mother's parental rights.

## V.     Exceptions

The mother asserts that the juvenile court should have decided to not terminate her parental rights because the termination will be detrimental to the

children based on the closeness of their relationship with the mother. A court may decide to not terminate a parent's rights when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The juvenile court found, "There is no credible evidence presented that termination would be detrimental to the children due to the closeness of their relationship with their mother." As noted, the children had not seen the mother in person for one year. The children are safe and secure in their present placement. We find the juvenile court properly declined to apply the exception to termination found in section 232.116(3)(c).

## VI.     Reasonable Efforts

The mother contends the State did not engage in reasonable efforts to reunite her with the children. She asserts that DHS should have done more to provide her with visitation with the children.

"Reasonable efforts to reunite parent and child are required prior to termination of parental rights." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). "The reasonable efforts concept would broadly include a visitation

arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *Id.* A determination of whether services offered are reasonable depends upon the circumstances of the case. *In re S.J.*, 620 N.W.2d 522, 525 (Iowa 2000).

It is a "parent's responsibility to demand services if they are not offered prior to the termination hearing." *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). "Where a parent 'fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.'" *T.S.*, 868 N.W.2d at 442 (quoting *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002)).

The juvenile court found the mother had not demanded any additional services beyond those provided by DHS. We find the mother has waived this issue. *See C.H.*, 652 N.W.2d at 148. Even if the issue had not been waived, we find the services provided by the State were reasonable. The mother did little to participate in services before she was sent to prison in South Dakota. Upon the mother's release, DHS worked with professionals to determine an appropriate way to integrate her into the children's lives, considering the length of time she was not present in the children's lives. The juvenile court properly denied the mother's complaints about a lack of reasonable efforts.

## VII.    Extension of Time

The mother claims the juvenile court should have granted her an additional six months to work on reunification with the children. She states that she has consistently complied with services since she was released from prison in October 2020. She points out that she has maintained custody of her infant.

The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The juvenile court denied the mother's request for an extension of time. The court found,

> [The mother] has not shown that, in six months' time, she would be in a position to care for these children. She has had nearly two years to show progress while the children have been out of her care. The children have waited too long for permanency. Their best interests drive this decision.

We agree with the court's findings. The mother has shown some signs of progress and continues to undergo substance-abuse counseling and has a "life coach." However, she still does not have her own residence and acknowledges she still has "a lot that I need to put in place." Her progress has undoubtedly been complicated by the addition of her third child. Accordingly, we are not convinced the children could be returned to the mother's care in six months. *See id.* We find a six-month extension of time is not supported by the evidence in this case.

We affirm the decision terminating the mother's parental rights.

**AFFIRMED.**